FRANK W. PETERSILIE, II AND FRANK W. PETERSILIE, II, PERSONAL REPRESENTATIVE FOR THE ESTATE OF BRUCE V. L. SHELTON v. TOWN OF BOONE BOARD OF ADJUSTMENT

No. 8824SC1132

(Filed 1 August 1989)

**Municipal Corporations § 30.6— special use permit—denial—evidence sufficient**

There was sufficient evidence to support the Board of Adjustment's denial of petitioner's application for a special use permit to build multi-family residential units where property owners who opposed the application presented evidence that construction of the multi-family units would compound already existing problems of noise, traffic, congestion, and crime which had been brought about by the construction of multi-family dwellings during the ten years preceding petitioners' applications; testimony was also received that adjoining apartment buildings were occupied by college students who had

vandalized some homes and had loud parties well into the night; another complaint concerned property owners' inability to receive a fair offer for property they attempted to sell in the area; and those persons who testified were property owners and senior citizens who had lived in that area for up to thirty-five years.

APPEAL by petitioners from *Allen, C. Walter, Judge.* Judgment entered 1 June 1988 in Superior Court, WATAUGA County. Heard in the Court of Appeals 9 May 1989.

Petitioners appeal from the superior court's decision which upheld a decision by the Town of Boone denying their application for a special use permit to construct twenty multi-family residential units. Petitioners contend that the respondent's decision was arbitrary and capricious.

*Miller and Moseley, by Paul E. Miller, Jr., for petitioner-appellants.*

*Paletta, Hedrick & Berndt, by David R. Paletta, for respondent-appellee.*

JOHNSON, Judge.

On or about 14 July 1987 petitioner filed with respondent an application for a special use permit to construct a twenty unit apartment building on a vacant lot adjacent to single family homes. A public hearing on the application was held on 6 August 1987 in accordance with the town's zoning ordinance. After the hearing, respondent determined that petitioners' application should be denied. Petitioners appealed this decision to the Watauga County Superior Court which remanded the decision to the Board of Adjustment for a hearing de novo because of its failure to make findings of fact and its failure to compile a complete record of the proceedings.

A second public hearing was held on 4 February 1988 and on 3 March 1988. Petitioners' application was again denied in a unanimous vote by the Board of Adjustment. Petitioners appealed this decision to the Superior Court of Watauga County. The court concluded that the respondent's findings were supported by competent evidence and that its decision was neither arbitrary nor capricious and contained no errors of law.

From this judgment, petitioners appeal.

On appeal petitioners contend that the trial court erred by concluding that respondent's decision to deny their application for a special use permit contained no errors of law and that the decision was not arbitrary or capricious. We disagree and affirm the trial court's judgment in all respects.

The applicable principles of judicial review when considering a municipality's decision on a special use permit application are distinctly set forth in *In re Application of Goforth Properties*, 76 N.C. App. 231, 332 S.E. 2d 503 (1985). The question to be considered "is not whether the evidence before the superior court supported that court's order but whether the evidence before the town board was supportive of its action. In proceedings of this nature, the superior court is not the trier of fact. Such is the function of the town board." *Id.* at 233, 332 S.E. 2d at 504, *quoting Concrete Co. v. Board of Commissioners*, 299 N.C. 620, 626, 265 S.E. 2d 379, 383 (1980).

Petitioners correctly argue that an applicant who produces competent, material and substantial evidence tending to meet ordinance requirements for the issuance of a special use permit is *prima facie* entitled to it. *Goforth, supra*. However, a municipality may deny the permit if it makes contrary findings which are also supported by competent, material and substantial evidence. *Id.; Humble Oil & Refining Co. v. Board of Aldermen*, 284 N.C. 458, 202 S.E. 2d 129 (1974).

In the case *sub judice* petitioners contend that they met the requirements of section 12.3 of the Town of Boone's Zoning Ordinance, which provides the following:

No Special Use Permit shall be recommended by the Planner or Planning Commission for approval and no Special Use Permit shall be approved by the Board of Adjustment unless each of the following findings is made concerning the proposed special use or planned development.

a. That the use or development is located, designed, and proposed to be operated so as to maintain or promote the public health, safety, and general welfare;

b. That the use or development complies with all required regulations and standards of this ordinance, including all applicable provisions of Articles 4, 5, 6 and the applicable

PETERSILIE v. TOWN OF BOONE

[94 N.C. App. 764 (1989)]

specific standards contained in Sections 12.7 and 12.8, together with all other applicable regulations;

c. That the use or development is located, designed and proposed to be operated so as to maintain or enhance the value of contiguous property, or that the use or development is a public necessity. In the event of a dispute of value, the Board of Adjustments, upon notice being given to the involved parties, may require appraisals and appraisal testimony to be submitted for its consideration;

d. The use or development conforms with the general plans for the physical development of the Town as embodied in this ordinance and in the Comprehensive Plan.

Petitioners' expert witnesses in the field of real estate appraisal testified that petitioners' proposed use would either maintain or enhance the value of contiguous property. They presented further evidence tending to show that over the past seven years the property values for ad valorem tax purposes of vacant lots and single family dwellings located in the same area as the proposed apartment building increased by fifty-one percent. During the same period, the tax valuation for the entire county had increased by forty-nine percent.

After having heard all the arguments and evidence presented at the public hearing, the Board made the following findings of fact and subsequently denied petitioners' application:

12.3(a) The proposed development is NOT located, designed, and proposed to be operated so as to maintain or promote the public health, safety and general welfare because (a) it will increase traffic congestion in an area that is already congested due to the College Place Apartments, and (b) it will further aggravate an existing problem with noise from high density use that is bothersome to the single family residences in this area. The proposed development will have a detrimental effect on the health and general welfare of a number of elderly persons living in this area because of the increase in noise likely to be generated by the new development and because of the lack of any effective buffer between the high density use and the low density use.

12.3(b) Except as set out in this motion, the proposed development satisfies Section 12.3(b) of the Boone Zoning Ordinance.

12.3(c) The proposed development is NOT located, designed, and proposed to be operated so as to maintain or enhance the value of contiguous property. This proposed development will have a detrimental effect on the value of contiguous property currently being used for single family residences because of the negative impact associated with the increased traffic congestion and increased noise that will result from this proposed development. The proposed development is NOT a public necessity.

12.3(d) The proposed development does NOT conform with the general plans for the physical development of the Town as embodied in this ordinance and in the Comprehensive Plan because it will increase the high density use to such an extent that it will make single family residences in this area so undesirable that it will effectively eliminate single family residences from a portion of this zoning district.

The superior court then reviewed the administrative record and concluded as a matter of law that the Board's findings were supported by competent evidence.

We have carefully considered petitioners' contentions, following the *Goforth* directive and hold that the evidence before the board supported its action. Several property owners who opposed the petitioners' application presented evidence at the hearing. They testified that construction of the multi-family units would compound already existing problems of noise, traffic congestion, and an increase in crime which had been brought about by the construction of multi-family dwellings during the ten years preceding petitioners' application. Testimony was also received to the effect that the adjoining apartment buildings were occupied by college students who had vandalized some of the homes and had loud parties well into the night. Another complaint concerned property owners' inability to receive a fair offer for property they attempted to sell in that area. Those persons who testified were property owners and senior citizens who have lived in this area for up to thirty-five years.

We believe that this evidence is competent to support the action taken by the Town Board denying petitioners' application. It is for this reason that we affirm the decision reached by the trial court.

**THORNEBURG HOSIERY CO. v. G. L. WILSON BLDG. CO.**

[94 N.C. App. 769 (1989)]

Affirmed.

Judges COZORT and GREENE concur.